IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES STEWART, <br> (SPN #00152845) <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM SUMPTER, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-05-1789 |

**MEMORANDUM AND OPINION**

Charles Stewart, an inmate of the Harris County Jail ("HCJ"), sued in May 2005, alleging civil rights violations resulting from a deprivation of property. Stewart's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is GRANTED. Stewart, proceeding *pro se*, sues William Sumpter, an officer with the Houston Police Department.

The threshold issue is whether Stewart's claims may proceed.

**I.   Plaintiff's Allegations**

Stewart alleges that when Officer Sumpter arrested him on November 4, 2004, Sumpter stole Stewart's keys, wallet, necklace, and money. Stewart alleges that value of this property was $3,800. He seeks damages of $11,400.

**II.   Analysis**

Title 42 U.S.C.§ 1997e provides that:

> No action shall be brought with respect to prison conditions
> under section 1983 of this title, or any other Federal law, by a

>prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Supp. 1996). In *Booth v. Churner,* 532 U.S. 731 (2001), the Supreme Court held that the PLRA requires administrative exhaustion even where the grievance process does not permit the institution to award the relief the prisoner seeks, as long as the grievance tribunal has authority to take some responsive action. Stewart admits that he has not presented an administrative claim to the HCJ, as required by the PLRA. (Docket Entry No. 1, Complaint, p. 3). Stewart's claims against Officer Sumpter must be dismissed for failure to exhaust administrative remedies as required by the PLRA.

Alternatively, the court finds that even if Stewart had exhausted administrative remedies, his claims lack merit. Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d

1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Stewart is complaining of a loss of property without due process of law. The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate postdeprivation remedy. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35; *Myers*, 97 F.3d at 94.

Texas law allows recovery of monetary damages for loss of use of property that has been taken without authorization. *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex. Civ. App. -- San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). Because Texas law provides an adequate postdeprivation remedy, Stewart's claim over the alleged taking of $3,800 worth of his property does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (noting that even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate postdeprivation remedy). To the extent Stewart

claims that the loss of his property was only the result of negligence, he has no claim for violation of a constitutionally protected right. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

Stewart's claim is dismissed under 28 U.S.C. § 1915A(b)(1).

### III.    Conclusion

Stewart's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is GRANTED. This suit is DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are DENIED as moot.

The Harris County Jail must continue to deduct twenty percent of each deposit made to Stewart's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $250.00 is paid in full.

The Clerk of Court must send a copy of this Order to Sergeant M. E. McKinney, Inmate Trust Fund, 1301 Franklin, Houston, Texas 77002; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, attention: Betty Parker.

SIGNED on July 8, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge